IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| FLEXI-VAN LEASING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:15-cv-01787-DCN |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THE TRAVELERS INDEMNITY COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on defendant The Travelers Indemnity Company's ("Travelers") motion for summary judgment, ECF No. 118. For the reasons set forth below, the court denies the motion for summary judgment without prejudice.

## I. BACKGROUND

This declaratory action and insurance coverage case stems from an underlying action that was before this court, Vititoe v. Bridgestone Americas Tire Operations, Inc., Case No. 2:12-cv-01844-DCN ("underlying action"), where plaintiff Flexi-Van Leasing, Inc. ("Flexi-Van") was a named defendant, among others. In the underlying action, Charles Vititoe ("Vititoe") alleged that he was working on a semi-trailer's rim assembly on the truck's right rear tire when the rim assembly exploded and injured him. Vititoe and his wife brought several causes of action against Flexi-Van because the rim assembly that injured Vititoe was affixed to a chassis owned by Flexi-Van.

At the time of Vititoe's injury, the chassis was on lease to Zim Integrated Shipping Services Company, Inc. ("Zim"). Zim contributed the chassis to the South Atlantic Consolidated Chassis Pool ("SACP"). Interstar North America, Inc.,

1

("Interstar") entered into a Master Maintenance and Repair Agreement ("the Agreement") with Flexi-Van—as SACP manager—to be the SACP chassis maintenance and repair vendor. Pursuant to the Agreement, Interstar agreed to indemnify, defend, and hold harmless SACP and Flexi-Van as its manager from suits arising from or in connection with Interstar's negligence in complying with Interstar's duties under the Agreement. Appendix B of the Agreement required Interstar to name SACP and its manager as additional insureds on Interstar's insurance policy and maintain general liability insurance of at least $10,000,000 per occurrence. Interstar fulfilled this requirement by obtaining a written commercial insurance policy ("the Policy") from Travelers and adding Flexi-Van as an additional insured.

Pursuant to the Agreement and the Policy, Flexi-Van tendered its defense in the underlying action to Travelers. Initially Travelers agreed to defend and indemnify Flexi-Van and informed Flexi-Van that Mark Wall ("Wall") would be Flexi-Van's attorney. On March 27, 2013, Travelers sent Flexi-Van a reservation of rights letter ("Reservation of Rights Letter") that explained that Travelers would not defend or indemnify Flexi-Van for issues outside of Travelers's coverage. Travelers explained that this could occur if Flexi-Van was liable as a result of its own independent acts, omissions, or exclusions, or if the underlying action fell within the Policy's "Aircraft, Auto or Watercraft" exclusion. ECF No. 34-7 at 4. On June 28, 2013, Flexi-Van expressed its opinion that there was a conflict between Travelers and Flexi-Van so that Wall could no longer protect Flexi-Van's interests. In particular, Flexi-Van asked Wall to bring Interstar as a third-party defendant into the underlying action, and Wall failed to do so, stating that "Travelers has not directed me to start a 3rd party [action] against them and will not pay for it." ECF

No. 34-8 at 3. As a result, Flexi-Van terminated its representation with Wall and hired a substitute counsel. Id. at 2. On July 26, 2013, Travelers sent Flexi-Van a letter informing Flexi-Van that it would not pay for Flexi-Van's substitute counsel. ECF No. 34-10 at 2. As a result, Flexi-Van filed the instant suit on April 24, 2015. Flexi-Van's complaint brings the following causes of action: (1) a declaratory judgment that it is entitled to a defense and indemnity from Travelers for the claims asserted in the underlying action; (2) breach of contract for failing to defend and indemnify; and (3) breach of the implied obligation of good faith and fair dealing. Compl. ¶¶ 18–44.

Travelers filed a motion for summary judgment on June 1, 2017, ECF No. 80, and Flexi-Van filed a motion for partial summary judgment or, in the alternative, for certification on June 2, 2017, ECF No. 81. The court issued an order on the motions on December 7, 2017, granting Travelers's motion with respect to the bad faith claim but denying it with respect to the breach of contract claim.[1] The court found there was "insufficient facts and evidence before the court to grant summary judgment" on Traveler's duty to indemnify because the underlying action was ongoing, making it "unclear what liability Flex-Van will incur and whether Travelers's duty to indemnify will be triggered." ECF No. 95 at 18. As for the duty to defend, the court held that there was "a genuine issue of material fact as to whether an actual conflict arose such that Travelers breached its duty to defend." Id. at 22.

In the underlying action, Flexi-Van filed a third-party complaint against InterStar, bringing causes of action for (1) breach of contract for failure to defend and indemnify,

---

[1] The court's order also held that South Carolina's door closing statute does not bar this action, and that South Carolina law applies.

(2) contractual indemnity, (3) equitable indemnity, (4) negligent hiring, (5) negligent supervision, and (6) negligent training ("third-party underlying action"). In response, InterStar brought a third-party counterclaim against Flexi-Van, alleging that Flexi-Van breached the Agreement by terminating the defense provided by Interstar. The third-party underlying action was bifurcated from the underlying action, and a trial on the third-party underlying action was held. On February 8, 2018, the jury in the third-party underlying action returned a verdict against Flexi-Van in Flexi-Van's breach of contract and contractual indemnity claims against InterStar.[2] After the jury also returned a verdict in favor of Interstar in Interstar's breach of contract counterclaim, Travelers renewed its motion for summary judgment for the breach of contract claim in the instant action. Travelers filed its motion on June 12, 2018. ECF No. 118. Flexi-Van responded on August 20, 2018, ECF No. 124, and Travelers replied on August 27, 2018, ECF No. 125. The court held a hearing on the motion on August 29, 2018.

## II. STANDARD

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

---

[2] The jury also returned a verdict against Flexi-Van in Flexi-Van's negligent hiring and negligent supervision claims.

4

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.   DISCUSSION

Before turning to the parties' arguments, the court finds it necessary to first discuss the jury verdicts in the third-party underlying action. In that action, Flexi-Van alleged that Interstar breached the Agreement by "failing to defend and indemnify and hold Flexi[-Van] harmless in breach of Section 6.2 of the [Agreement]" and that Flexi-Van was "entitled to contractual indemnify from Interstar pursuant to Section 6.2 of the [Agreement]." 12-cv-01844-DCN, ECF No. 49 at 18–19. The jury charge for Flexi-Van's breach of contract cause of action was as follows:

> For its breach of contract claim, Flexi-Van must prove by a preponderance of the evidence: (1) there was a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) Flexi-Van performed its contractual obligations.

ECF No. 124-1 at 11. The charge for Flexi-Van's contractual indemnity claim was:

> Under New Jersey law, contractual indemnification is available when the claimant: (1) [is] free of fault; (2) is held liable for another's torts; (3) due

to constructive, secondary, or vicarious liability; and (4) has a valid contract expressly providing for indemnity with the indemnitor.

Id. at 12. The jury found that Flexi-Van "failed to prove by a preponderance of the evidence its breach of contract claim" and found for InterStar "with respect to Flexi-Van []'s breach of contract claim." ECF No. 124-2 at 3. The jury also found that Flexi-Van "failed to prove by a preponderance of the evidence its contractual indemnity claim" and found for Interstar. Id. at 7. In other words, Flexi-Van failed to prove that Interstar breached the Agreement by refusing to defend and indemnify Flexi-Van after Flexi-Van fired Wall and obtained its own attorney, and Flexi-Van did not prove that it was entitled to be indemnified by Interstar.

Interstar's breach of contract counterclaim alleged that "Flexi-Van's termination of representation and defense through InterStar constituted a repudiation and/or breach of Article 6 of the Agreement, which is a breach of the final and complete Agreement of the parties as set forth in Section 10.9 thereof." 12-cv-01844-DCN, ECF No. 56 at 15. The jury was charged as follows:

> For its breach of contract counterclaim, Interstar must prove by a preponderance of the evidence: (1) there was a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) Interstar performed its contractual duties.

Id. at 11–12. The jury then found that Interstar "proved by a preponderance of the evidence its breach of contract counterclaim." Id. at 5. Therefore, the jury found that Flexi-Van's termination of Wall, the defense attorney provided by Interstar, breached the Agreement.

The court must now determine the legal consequence of the jury's verdict in the third-party underlying action, or in other words, how the jury's verdict impacts Interstar's

6

duty to defend and indemnify Flexi-Van. Pursuant to Twin City Fire Ins. v. Ben Arnold-Sunbelt Beverage Co. of S.C., 433 F.3d 365 (4th Cir. 2005), Flexi-Van's breach of the Agreement extinguished Interstar's duty to defend and indemnify. In Twin City Fire Ins., the defendants "breached the contractual duties" they owed to their insurance companies by retaining their own attorneys for their defense when the insurance policies mandated that "the insurance companies had both the right and duty to defend any suit seeking damages in the defense and settlement of any claim." 433 F.3d at 374. Because the defendants breached these contractual duties, the Fourth Circuit held that the defendants could not "now successfully claim they are entitled to reimbursement for the legal fees and settlement costs arising from" the underlying actions. Id. Applying that rule here, because Flexi-Van breached the Agreement, it cannot now claim entitlement to defense costs or indemnity from Interstar for Flexi-Van's defense.

Having established that Interstar is not obligated to pay for Flexi-Van's defense costs or indemnify Flexi-Van for the underlying action, the court now turns to the parties' arguments in the instant motion. Travelers argues that summary judgment is warranted as to Flexi-Van's remaining claims in this case based on collateral estoppel and judicial estoppel. Travelers first contends that the jury verdict in the third-party underlying action established that "Flexi-Van's rejection of Interstar's provision of a defense via Travelers was wrongful." ECF No. 118-1 at 9. Travelers argues that the finding that Flexi-Van wrongfully rejected its defense can be applied here so that the court can hold that Travelers, like Interstar, has no duty to defend or indemnify Flexi-Van. Moreover, Travelers argues that Flexi-Van must be judicially estopped from arguing that Travelers's conduct was wrongful, because in the third-party underlying action, Flexi-Van argued

7

that Travelers did nothing wrong. The court disagrees with both of Travelers's arguments and finds that the application of collateral estoppel and judicial estoppel is not warranted here.

### A. Collateral Estoppel

Travelers first argues that Flexi-Van's remaining claims are barred by the doctrine of collateral estoppel. South Carolina uses federal law "to determine the preclusive effect of a prior federal judgment." Austin v. Investors Title Ins. Co., 2010 WL 11561161, at *11 (D.S.C. Dec. 9, 2010). For collateral estoppel to apply,

> the proponent must demonstrate that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004). "Mutuality of parties is not required" for collateral estoppel to apply. Thurston v. United States, 810 F.2d 438, 445 (4th Cir. 1987).

Collateral estoppel cannot apply here because the issue that was previously litigated in the third-party underlying action is not identical to the issue here. The issue previously litigated was whether Flexi-Van breached the Agreement that required Interstar to defend and indemnify Flexi-Van, while the issue here is whether Travelers breached the Policy that required Travelers to defend and indemnify Flexi-Van. While Interstar had a duty to defend and indemnify under the terms of the Agreement, the language of the Policy establishes that Travelers's duty to defend and indemnify Flexi-Van arises under the Policy, because Flexi-Van is an additional insured on the Policy.

8

The Policy states that Travelers "will have the right and duty to defend the insured against any 'suit' seeking [] damages" because of bodily injury or property damage covered by the Policy. ECF No. 1-5 at 2. The Policy also states that Travelers "will pay those sums that the insured becomes legally obligated to pay as damages" from bodily injury or property damage covered by the Policy. Id. at 2. These provisions establish Travelers's duty to defend and indemnify its insured. "The insured" includes "any person or organization that [Interstar] agree[s] in a 'written contract requiring insurance' to include as an additional insured on this Coverage Part." ECF No. 1-6 at 6. A "written contract requiring insurance" is defined as

> part of any written contract or agreement under which you are required to include a person or organization as an additional insured on this Coverage Part, provided that the "bodily injury" and "property damage" occurs and the "personal injury" is caused by an offense committed: (a) After the signing and execution of the contract or agreement by you; (b) While that part of the contract or agreement is in effect; and (c) Before the end of the policy period.

Id. at 7. The Agreement is a "written contract requiring insurance" because the Agreement requires Interstar to maintain commercial general liability insurance with Flexi-Van as an additional insured. Therefore, Flexi-Van is included as "an insured" under the Policy, and pursuant to the Policy, Travelers generally has a duty to defend and indemnify Flexi-Van.

The jury in the third-party underlying action found that Flexi-Van breached the Agreement with Interstar, meaning Interstar no longer had a duty to defend or indemnify Flexi-Van pursuant to the Agreement. However, Flexi-Van is still an additional insured according to the Policy, and Travelers's duty to defend and indemnify arises from the Policy, not the Agreement. There is no language in the Policy to suggest or establish that

9

Flexi-Van's breach of the Agreement means that Flexi-Van is no longer covered by the Policy. Nor do the parties explain what impact a breach of the Agreement might have on the Policy. As such, Travelers's duty to defend and indemnify under the Policy appears to still be intact even though Flexi-Van breached the Agreement.

The court acknowledges that this creates an unusual predicament. The reason why Flexi-Van is covered by the Policy is because the Agreement required Travelers to cover Flexi-Van. Indeed, Flexi-Van was included in the Policy solely because of the Agreement. As a result, it could appear that if Interstar had no duty to defend and indemnify Flexi-Van, then Travelers would also have no duty to defend and indemnify Flexi-Van. However, because Flexi-Van is an additional insured on the Policy, Travelers's duty to defend and indemnify arises from the Policy, which is related but separate from the Agreement. Although Flexi-Van breached the Agreement by terminating its defense, there was no determination by the jury in the third-party underlying action that Flexi-Van breached the Policy in doing the same. While Flexi-Van's conduct with regard to the Policy will admittedly be the same as Flexi-Van's conduct with regard to the Agreement, the Agreement and the Policy are two different contracts, and the jury simply did not make a finding regarding the breach of the Policy in the third-party underlying action.

Travelers relies on Austin v. Investors Title Ins. Co., 2010 WL 1151161 (D.S.C. Dec. 9, 2010), aff'd, 453 F. App'x 406 (4th Cir. 2011), in support of its collateral estoppel argument. However, Austin can be easily distinguished from the instant case. In Austin, the plaintiff previously litigated a substantially similar issue to the issue before the court that was related to the same title insurance policy and was against the same

defendant. 2010 WL 1151161, at *9. In the previous action, Judge Patrick Michael Duffy conducted a bench trial and made specific findings of fact. Id. Because there were specific findings of fact in the plaintiff's previous case, the Austin court knew what Judge Duffy relied on to make his conclusions of law. As a result, the court could rely on those specific findings of fact to determine that "[a]ll of the facts necessary to conclude Mrs. Austin created the title risk herein were decided in her previous case." Id. at *10. This led the court to determine that Austin's present claim was barred by collateral estoppel. Id. Here, the jury did not make specific findings of fact regarding Flexi-Van's conduct or the circumstances surrounding Flexi-Van's termination of its defense. Instead, it merely found that Flexi-Van breached the Agreement by terminating its defense. Without any factual findings from the jury, there are no findings here to determine whether Flexi-Van's termination of its defense was also a breach of the Policy, which is the issue in the instant action.

The court acknowledges that the same facts considered in the third-party underlying action are likely the same facts to be considered when determining whether Travelers or Flexi-Van breached the Policy. However, the jury did not make specific findings about these facts, and the court cannot guess as to why the jury decided the way it did. Travelers draws the court's attention to various instances in the trial for the third-party underlying action in which the parties discussed Travelers, but the court has no way of knowing how the evidence related to Travelers impacted the jury's verdict. Because the jury verdict in the third-party underlying action simply found that Flexi-Van breached the Agreement by terminating its defense without making specific factual findings, and because there have been no arguments before the court on how the breach of the

Agreement affects the Policy, the court cannot apply collateral estoppel to find that Travelers has no duty to defend or indemnify Flexi-Van because Flexi-Van breached the Policy.

### B. Judicial Estoppel

Travelers argues that Flexi-Van's remaining claims are also barred by judicial estoppel. The application of judicial estoppel is controlled by federal law and is invoked at the court's discretion as the equities of the case demand. See Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996); Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 975 (D.S.C. 1997). The doctrine generally prevents a party from taking inconsistent positions in different tribunals and protects the essential integrity of the judicial process by preventing a party from playing "fast and loose" with the courts. See Lowery, 92 F.3d at 223. "Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution." Id. at 224.

The three elements of judicial estoppel are: (1) "the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance in prior litigation"; (2) "the prior inconsistent position must have been accepted by the court"; and (3) "the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage." Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) (quotations omitted). "This bad faith requirement is the 'determinative factor.'" Id. (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 20 (4th Cir. 1995)). Here, Travelers argues that: (1) Flexi-Van argued in the third-party underlying action that Travelers did nothing wrong; (2) the jury in the third-party underlying action "implicitly

accepted" this position because the jury rejected Flexi-Van's argument that its defense was deficient; and (3) Flexi-Van's position was misleading in the third-party underlying action because it argued that Travelers did nothing wrong, while here it argues that Travelers's actions were wrongful. ECF No. 118-1 at 11.

Flexi-Van has not taken inconsistent positions on Travelers's fault, because, despite Travelers's insistence otherwise, Flexi-Van did not argue in the third-party underlying action that Travelers did nothing wrong. Thomas Cizin ("Cizin"), Flexi-Van's risk manager, did state at trial that Travelers did not do anything wrong, but he was only referring to Travelers's issuance of the Reservation of Rights letter, not Travelers's actions in general. Cizin explained that Travelers was "just relying on the wording that's in the policy when they issued their reservation of rights." ECF No. 125-2 at 53. Indeed, Cizin went on to explain it is possible that Travelers failed to properly delete an exclusion that was at issue, and that Flexi-Van had sued Travelers for breach of contract for failing to provide Flexi-Van with a defense. ECF No. 125-2 at 55–56. Cizin explicitly stated that Travelers "refused to provide us with a defense or refused to—yes, provide us with a—a defense or provide us with an attorney of our choosing to defend us in the matter." Id. This statement clearly shows that Flexi-Van believed that Travelers was not without fault. Moreover, in his closing argument, Flexi-Van's counsel accused Travelers as looking "for a way to wiggle out" of providing coverage to Flexi-Van. ECF No. 118-3 at 5. That certainly implied that Travelers's conduct was wrongful. Therefore, Flexi-Van's position about Travelers's fault in the third-party underlying action is not inconsistent

13

with Flexi-Van's position about Travelers here.  As such, the application of judicial estoppel is inappropriate.

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Travelers's motion for summary judgment without prejudice.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 18, 2019**
**Charleston, South Carolina**